UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ICEBERG

                Plaintiff,

  vs.

UNIVERSITY OF WASHINGTON,

                Defendant.

No. 2:21-cv-00494 RSM

COMPLAINT

I.  FACTUAL ALLEGATIONS .......................................................................................... 1
II. PARTIES ........................................................................................................................ 3
    A.   Scott Iceberg ........................................................................................................ 3
    B.   Defendant University of Washington ..................................................................
III. JURISDICTION ........................................................................................................... 13
IV. VENUE ........................................................................................................................ 14
V.  .................................................................................................................................... 14
VI. CAUSES OF ACTION ................................................................................................ 22
    A.   Count I – ADA Title II Disability Discrimination ........................................... 22
    B.   Count II – Rehabilitation Act Disability Discrimination ................................. 24
VII. PRAYER FOR RELIEF ............................................................................................... 27

**FACTS**
**I.**

1. Plaintiff Scott Iceberg

, individually and on behalf of all others similarly situated, allege the following against the University of Washington ("Defendant," "UW," or "the University"), based where applicable on personal knowledge, information and belief.                              .

2. This action arises under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 and § 794a, as amended (collectively, the "Acts"),

3. On July 26, 1990, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the most comprehensive civil rights advancement for persons with disabilities ever to be enacted by the United States Congress, was signed into law. The Preamble of the ADA states its purpose: –"An Act: To establish a clear and comprehensive prohibition of discrimination on the basis of disability."

4. In order to be an individual protected by title II, an individual must be a "qualified" individual with a disability. To be qualified, an individual with a disability must meet the essential eligibility requirements for receipt of services or participation in a public entity's programs, activities, or services with or without --
1) Reasonable modifications to a public entity's rules, policies, or practices;

5. Plaintiff has been diagnosed with Post Traumatic Stress Disorder, Panic Disorder, Generalized Anxiety Disorder, Major Depressive Disorder, and Severe Ulcerative Colitis. Plaintiff claims herein that, by reason of his disability, he is being excluded from participation in or being denied the benefits of the services, programs, or activities of and/or being subjected to discrimination by UW at the UW Psychology Clinic.

6.     On 6-27-2019 Plaintiff sent Cara B. Towle RN MSN at the University of Washington the following email: "I'm interested in utilizing telepsychiatry. I'm a UW patient. Due to disability in person mental health services are not accessible to me."

7.     Within a few hours Cara B. Towle RN MSN replied: "Unfortunately we do not currently offer telepsychiatry service directly to patients. Our telepsychiatry programs are with distant hospitals at this time."

8.     Five minutes later Plaintiff sent Cara B. Towle RN MSN the following reply: "Thanks for your response. As a specific request under the Americans with Disabilities Act, I request the accommodation/modification that UW Medicine provide me with mental health services utilizing telemedicine. Absent being provided this accommodation/modification I will not be able to access the mental health services that UW offers."

9.     An hour later Cara B. Towle RN MSN replied with the following email: "I need to refer you to the UW Disability Services office at 206-543-6450. This is where you would need to make your request for accommodations.

10.    Plaintiff then contacted Bree Callahan, whose title is "ADA/Section 504 Coordinator Compliance Services" and requested that the University of Washington grant the accommodation/modification of providing mental health services, such as psychological and/or psychiatric, utilizing telehealth, such as zoom, or other videoconferencing application.

11.    Bree Callahan replied with the following to Plaintiff's request for accommodation: "My role as ADA Coordinator is not to perform the direct services that are already designated to units across the institution filling those roles. For patients request for accommodations, those can be made to the healthcare provider/UW Medicine. The work of the receiving, and processing the request for accommodation, along with the determination of what is reasonable is conducted by those units."

12. On 7-12-21 Plaintiff sent an email Cara B. Towle RN MSN and Northwest Patient Risk Management: "The difficulty I have encountered in access psychology services via UW is leading me to believe my best option is to kill myself. I really can't understand why it's so fucking difficult for UW to provide me with telepsychology services. How many people does UW Medicine kill per year from deliberate indifference? Is is just like a Seattle thing?

13. The only further response Plaintiff received regarding his accommodation/modification request that the University of Washington provide him with telehealth psychology or psychiatry services was on 7-24-2019 from Ali Iqbal: "Hi Scott, As previously stated, we do not offer telepsychiatry or telepsychology services to patients. Please do not contact Cara Towle or our department any further about this matter. If you are suicidal or in crisis, you should call 911 or go to the nearest emergency room. Regards, Ali"

14. Without demonstrating Plaintiff's request to be a fundamental alteration, undue burden or safety threat, it was denied.

15. Since Plaintiff's request was denied, Defendant has offered telehealth psychology and psychiatry services to many individuals, demonstrating Plaintiff's request was reasonable, was not a fundamental alteration, was not an undue burden, and was not a safety threat.

## II.    PARTIES

**A.    Scott Iceberg**

10. Plaintiff Scott Iceberg is a resident of Edmonds, Washington. He suffers from PTSD, MDD, GAD, Panic Disorder, and Severe Ulcerative Colitis. At the time Plaintiff requested the accommodation/modification of telehealth mental health services he was experiencing bloody diarrhea thirty times per day, and was incontinent.

11. Defendant University of Washington owns and operates the psychology clinic at the school, and owns and operates any psychology or psychiatric services and programs offered through the hospital.

# IV. VENUE

34. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the practices and procedures that give rise to Plaintiffs' complaint are occurring in this District.

## III. JURISDICTION

32. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4).

## VI.     CAUSES OF ACTION

### A.     Count I – ADA Title II Disability Discrimination

56.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

57.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 USC § 12132.

58.     Further, under 28 CFR 35.149, "no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

59. When proscribing discrimination in Title II on the basis of disability by public entities, Congress included any "department, agency, special purpose district, or other instrumentality of . . . States or local government" in its definition of "public entity." 42 USC § 12131(1)(B). The prohibition against discrimination therefore applies to anything a public entity does, even if carried out by private contractors.

60. In order to effectuate these statutory rights, the Department of Justice promulgated numerous regulations codified at 28 C.F.R. 35 *et seq.*

61. A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. 35.130(7)(i).

62. Title II of the ADA provides that: A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association. 28 C.F.R. 35.130(g).

63. Defendant is a public entity under the ADA.

64. Plaintiff is and was at all relevant times a qualified individual for all purposes under the ADA.

65. In violation of Title II, Defendant discriminated against Plaintiffs by depriving him of full and equal access to its mental health services, including psychology and psychiatry as required by law, including but not limited to:

    a. Failing to demonstrate Plaintiff's request to be a fundamental alteration, undue burden, or safety threat,

b.  Failing to offer an alternative but equally effective accommodation/modification to Plaintiff's chosen accommodation/modification that Defendant provide mental health services utilizing telehealth, such as Zoom.

c.  Failing to maintain the features of these facilities required to be accessible pursuant to 28 C.F.R. § 35.133.

66. Defendant's discriminatory conduct has caused harm to Plaintiffs and will, continue to cause harm to Plaintiffs.

67. Plaintiff requests declaratory relief that Defendants have violated his rights under the ADA by failing to provide a reasonable accommodation, and have demonstrated deliberated indifference to his federally protected rights.

**B.    Count II – Rehabilitation Act Disability Discrimination**

68. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

69. The Rehabilitation Act provides "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

70. Under § 504 of the Rehabilitation Act, "the term 'program or activity' means all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government."

71. Discrimination under the Rehabilitation Act is essentially the same as discrimination under Title II, applicable to a state agency or program, with the additional requirement that the program or activity of the state agency receive federal financial assistance. Section 505 of the Rehabilitation Act incorporates the remedies, rights, and procedures set forth in Title VI of the Civil Rights Act of 1964 for violations of § 504 of the Rehabilitation Act.

72. On information and belief, UW has been the recipient of federal financial assistance and part of that financial assistance has been used to fund the construction and alteration of the parking lots identified in this Complaint and the operation of UW's programs and activities.

73. By failing to provide any reasonable accommodation to Plaintiff which will allow him to access mental health services, as well as demonstrating deliberate indifference described in this Complaint, UW has excluded and/or deterred Plaintiffs from and/or denied Plaintiffs full and equal access to other programs at University of Washington which receive federal funding, such as attending graduate school at the University of Washington.

74. Plaintiffs have no adequate remedy at law. Unless Plaintiffs' requested relief is granted, they or any other similarly disabled persons who visit UW will suffer irreparable injury by the denial of access.

83. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to provide access to mental health treatment. These failures have denied Plaintiffs the full and equal enjoyment of UW's accommodations, advantages, privileges, and facilities that the ADA Title II and Rehabilitation Act requires.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. Declaratory relief to identify and correct Defendants' practices that violate the ADA, the Rehabilitation Act,

B. An award of costs and attorney fees; and

C. Such other or further relief as may be appropriate.

DATED: 4-13-2021

Scott Iceberg
Pro Se Plaintiff
4902 148th St Sw Apt B411
Edmonds, WA 98026