UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT FRANCIS ICEBERG, | Case No. C21-494RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| UNIVERSITY OF WASHINGTON, | |
| Defendant. | |

This matter comes before the court *sua sponte*.  Pro se Plaintiff Scott Francis Iceberg filed this case with an unsigned proposed complaint.  Dkt. #1-1.  The Court mailed Mr. Iceberg its standard notice of deficiency letter.  Dkt. #3.  This letter states:

> The Complaint as filed was not properly signed. Your document(s) must contain a physical signature and be resubmitted for filing to the Clerk. Signatures must be in accordance with Federal Rule of Civil Procedure 11 and Local Civil Rule 83.2…. Please return the requested documents to the address listed above. Failure to do so may affect the status of your case, including dismissal of the action by the Court.

*Id.*  A few days later the Court received from Mr. Iceberg a new copy of his proposed complaint.  On the signature line, Mr. Iceberg simply wrote "Fuck ya."  Dkt. #7 at 11.

Mr. Iceberg has submitted obscene material before.  In Case No. 2:20-cv-00742, Dkt. #16, Mr. Iceberg mailed the Court a document titled "RESPONSE CAPTAIN NIP FLIPPER

ORDER OF DISMISSAL - 1

SS FLIPPER NIPS JESUS CAPTAIN SAUCE DID A FLIP ON MY NIPS AND BACKFLIP OVER MY WANG." The filing contains the f-word and further obscene material. In Case No. 2:20-cv-01595, Dkt. #23 at page 8, Mr. Iceberg drew a stick figure man making an obscene gesture with his penis in his "Response in Opposition to Defendants' Motion to Dismiss First Amended Complaint."

      Mr. Iceberg is no stranger to the requirements of filing a case in this Court. He has filed eleven cases here in the last six years and has signed many filings. The Court is aware that Mr. Iceberg has previously referenced disabilities that cause him to respond "inappropriately or nonsensically" when "engaging in adversarial interactions, especially with individuals in positions of authority." *See, e.g.,* Case No. 2:21-cv-00493, Dkt. #5 at 3. This does not justify or even explain his behavior here, as the notice of deficiency was not adversarial or particularly surprising—Mr. Iceberg has received many notices of deficiency in prior cases. This was not an "interaction" either; Mr. Iceberg had plenty of time to read the notice, write his offensive response, then address and mail it back to the Court.

      The Court finds that Mr. Iceberg has failed to submit a signed pleading as required by Rule 11 and that this case cannot proceed. Mr. Iceberg was warned that failure to submit a signed pleading could result in dismissal, and such is appropriate here. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

      In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

ORDER OF DISMISSAL - 2

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831. In considering these factors, Mr. Iceberg's history of filing lawsuits weighs against any argument that he made an innocent mistake here, or that the public would benefit from allowing this lawsuit to proceed. The public policy favoring disposition of cases on their merits weighs against dismissal as a sanction. Whether there is a less drastic alternative, such as permitting Mr. Iceberg another opportunity to sign his Complaint, is an open question. If Mr. Iceberg had simply submitted another unsigned Complaint, the Court would have provided him with another notice of deficiency.

However, dismissal is appropriate as a sanction for Mr. Iceberg's offensive response to this Court's reasonable request that he sign his Complaint, especially given Mr. Iceberg's history with this Court. *See, e.g., Koehl v. Greene*, 424 Fed. Appx. 61, 62 (2d Cir. 2011) (upholding dismissal of pro se complaint as a sanction for "repeatedly filing documents with the court that contained derogatory and offensive statements regarding the presiding magistrate judge and opposing counsel."). The Court notes that the obscene remarks are directed *at* the Court, showing a disregard for the Court's authority, and that this further constitutes a basis for dismissal.

Given all of the above, the Court hereby finds and ORDERS that this action is DISMISSED. This case is CLOSED.

DATED this 21st day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3